# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT TRAVIS, ) | 1:06cv0438 AWI DLB P |
| ) | |
| Plaintiff, ) | |
| ) | ORDER RE DEFENDANTS' MOTION TO |
| v. ) | DISMISS SECOND AMENDED COMPLAINT |
| ) | |
| JAMES YATES, et al., ) | (Document 28) |
| ) | |
| Defendants. ) | |

## BACKGROUND

Plaintiff Robert Travis ("plaintiff") is a state prisoner represented by counsel in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff paid the filing fee for his action on April 17, 2006. This action is proceeding on plaintiff's second amended, filed September 8, 2006, against defendants James Yates, Warden of Pleasant Valley State Prison ("PVSP") and Dr. Robert Chapnick, Chief Medical Officer at PVSP[1] ("defendants") for deliberate indifference to plaintiff's serious medical needs in violation of the Eighth Amendment. On November 6, 2006, 2005, pursuant to Federal Rule of Civil Procedure 12(b)(6), defendants filed a motion to dismiss for: (1) failure to allege facts showing the requisite deliberate indifference under section 1983; (2) failure to allege facts showing exhaustion of administrative remedies, and (3) failure to allege

---

[1] The original complaint and the first amendment complaint were dismissed with leave to amend based on the stipulations of the parties after defendants filed a previous motion to dismiss.

1

facts that support a claim for punitive damages.  Plaintiff filed an opposition to the motion on November 22, 2006.  Defendants filed a reply on December 8, 2006.  The motion was heard on January 12, 2007 before the undersigned.  Attorney Ralph Greer appeared for plaintiff and attorney John Feser appeared for defendants.

## LEGAL STANDARD

"The focus of any Rule 12(b)(6) dismissal . . . is the complaint." Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).  In considering a motion to dismiss for failure to state a claim, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969).  The federal system is one of notice pleading.  Galbraith v. County of Santa Clara, 307 F.3d 1119, 1126 (2002). "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions.  Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512.

A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.  Id. at 514.  Discovery and summary judgment motions - not motions to dismiss - "define disputed facts" and "dispose of unmeritorious claims." Id. at 512.  "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.  Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))).  A motion to dismiss for failure to state a claim should not

be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).

## DISCUSSION

In the Second Amended Complaint, plaintiff's factual allegations are limited to the following:

> 6.0 Factual Basis of Complaint
> 6.1 The plaintiff is a prisoner at Pleasant Valley State Prison in Coalinga, California.
> 6.2 As a result of the medical treatment provided the plaintiff under the auspices of the California Department of Corrections the plaintiff has become permanently disabled and become in the need of medical treatment.
> 6.3 The plaintiff has on numerous occasions brought this to the attention of the defendants through the administrative appeal process of the Department of corrections.
> 6.4 Thereafter the defendants herein have acted with deliberate indifference to the medical needs of plaintiff.
> 6.5 As a result of the deliberate indifference to the medical needs of the plaintiff the plaintiff has suffered severe permanent and unnecessary physical and mental pain and general debilitation to his body.
> 6.6 All of the foregoing actions of the defendants were done under the color of state law.

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976).  The "deliberate indifference" standard involves an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious."  Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm.  Farmer v. Brennan, 511 U.S. at 837. A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Id.

Where, as here, the defendants are supervisory officials, plaintiff must allege that defendants either personally participated in the alleged deprivation of constitutional rights; knew

of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (*internal citations omitted*); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

As discussed at the hearing, although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993). A plaintiff's complaint must satisfy the requirement of Federal Rule of Civil Procedure 8(a), which calls for a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a) expresses the principle of notice-pleading, whereby the pleader need only give the opposing party fair notice of a claim. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Rule 8(a) does not require an elaborate recitation of every fact a plaintiff may ultimately rely upon at trial, but does require a statement sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Id. at 47. Rule 8(a) also requires that the plaintiff give notice of the relief which he seeks from the defendants.

Plaintiff's second amended complaint fails to comply with Rule 8(a). Plaintiff's factual allegations are not sufficient to put defendants on notice as to their specific actions which plaintiff alleges violated his rights under the Eighth Amendment. At the hearing, plaintiff requested the opportunity to file a third amended complaint. Defendants' counsel did not object.

## CONCLUSION

Based on the foregoing and the agreement of the parties, plaintiff's second amended complaint is HEREBY DISMISSED with leave to amend. Plaintiff shall filed a third amended complaint within 30 days of this order.

IT IS SO ORDERED.

Dated:   **January 16, 2007**             **/s/ Dennis L. Beck**
3b142a                                           UNITED STATES MAGISTRATE JUDGE